**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0091-17T4

DAVID R. GARRETT,

    Appellant,

v.

BOARD OF REVIEW and THE
TOWNSHIP OF MOUNT LAUREL,

    Respondents.

_____

Submitted August 14, 2018 — Decided August 21, 2018

Before Judges Messano and Geiger.

On appeal from the Board of Review, Department of Labor, Docket No. 116,143.

David R. Garrett, appellant pro se.

Shareef M. Omar, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Shareef M. Omar, on the brief).

Lauren E. Tedesco argued the cause for respondent Township of Mount Laurel (Capehart & Scatchard, PA, attorneys; Joseph F. Betley, of counsel; Lauren E. Tedesco, on the brief).

PER CURIAM

David R. Garrett appeals from a June 30, 2017 final decision by the Board of Review, which found he was disqualified from receiving unemployment benefits, pursuant to N.J.S.A. 43:21-5(a), on the grounds that he left work voluntarily without good cause attributable to the work. We affirm.

The facts derived from the record are summarized as follows. Garrett was employed by respondent Township of Mount Laurel as an electrical inspector from March 28, 2016 through February 22, 2017, when he voluntarily left work. On February 22, 2017, Garrett was instructed by the Township's Acting Manager, Meredith Tomcxyk, and Construction Official, George Dittmar, that he could no longer continue in the position of electrical inspector because his work was not acceptable. Garrett was offered a lateral transfer to a position as a housing inspector, with the same hours and rate of pay. During the meeting with Tomcxyk and Dittmar, Garrett informed them that he did not possess a hotel and multiple dwelling inspector's license which was required to perform State inspections, but not local inspections. Garrett believed he could not legally accept the housing inspector position. Tomcxyk discussed the possibility of Garrett obtaining the necessary license to perform State inspections at a later date. At the conclusion of the meeting, it was agreed Garrett would have until

A-0091-17T4

February 24, 2017, to decide whether he would accept the lateral transfer.

The next day, Garrett sent an email to Dittmar requesting to return on February 24, 2017, to pick up his belongings and return the coats and shirts the Township had issued to him. Dittmar responded, stating: "I'm assuming this is your letter of resignation in writing." Dittmar asked Garrett when he would be dropping off the uniform clothing and picking up his belongings. Garrett responded: "Okay, I'll come tomorrow around noon. Please make sure my vehicle is there. I have several things in it."

Garrett never returned to work after February 22, 2017, and did not advise the Township he was not resigning until April 26, 2017, when he sent an email to Tomcxyk and Dittmar, stating his February 23, 2017 email was not a letter of resignation. Instead, Garrett applied for unemployment benefits on February 19, 2017. His application was denied by Deputy Director K. Schofield on April 5, 2017. The Notice of Determination stated:

> You are disqualified for benefits from 02/19/17 and will continue to be disqualified until you have worked eight or more weeks in employment and have earned at least ten times your weekly benefit rate.
>
> You left work voluntarily on 02/23/17.
>
> You were not laid off by your employer as you stated. Evidence indicates you voluntarily quit your job after being asked

A-0091-17T4

to transfer to a position you felt you were not licensed for. There is insufficient evidence your employer terminated your position.

Therefore, your reason for leaving does not constitute good cause attributable to the work. You are disqualified for benefits.

On April 11, 2017, Garrett appealed from the determination of the Deputy. The Appeal Tribunal conducted a telephonic hearing on May 5, 2017, and issued a written decision on May 11, 2017, affirming the determination of the Deputy Director. In its decision, the Appeal Tribunal stated:

In this case, the claimant voluntary left work. The claimant contended that he was being immediately removed from his current title and the new job offer was a role on the state level that required an additional license, for which he did not have. The claimant further supported his assertion by providing the job requirement for the job he believed the employer's offer was for. However, the employer also provided supporting documentation of the job that was offered, for which the claimant was qualified for on the local level of employment. The employer also provided factual information regarding the governance of state employees by the Civil Service Commission, with regards to the promotion, demotion, and reassignment of employees. Accordingly, the claimant's contention is rejected.

The employer's offer of possible new work was indicative of the employer's willingness to preserve the employer-employee relationship. The claimant was not in immediate threat of being discharged and continued work was available for him in his

4

current work had he not voluntarily left the job. The claimant contended that he did not voluntary leave his job as the email does not state it was a letter of resignation. However it was implied in the email chain and the claimant actions thereafter with regards to his response and actions to collect his things are indicative of voluntarily leaving the job. Resultantly this contention is also rejected.

Ultimately, the appeal Tribunal considers the employer's testimony to be more credible than that of the claimant's, and does not view the claimant's reason for voluntarily leaving work to constitute good cause. Consequently, the claimant is disqualified for benefits as of 02/19/17, under N.J.S.A. 43:21-5(a), as the claimant left work voluntarily without good cause attributable to such work.

Garrett appealed the Appeal Tribunal's decision to the Board of Review. On June 30, 2017, the Board of Review affirmed the Appeal Tribunal's decision. This appeal followed.

On appeal, Garrett repeats the arguments he raised before the tribunal. He contends that he was not legally permitted to perform housing inspections because only inspectors licensed by the State may perform inspections of tenement houses, public housing, hotels, and multiple dwellings. He further contends that contrary to the Board of Review's decision, he demonstrated that he left work for good cause directly attributable to the work.

Our review of final decisions by the Board of Review is strictly limited. <u>Brady v. Bd. of Review</u>, 152 N.J. 197, 210 (1997). The Board's decision may not be disturbed unless shown

to be arbitrary, capricious, unreasonable, or inconsistent with the applicable law. Ibid. "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them,'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)), "even if the court might have reached a different result," Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

"Claimants bear the burden of proof to establish their right to unemployment benefits. Furthermore, when an employee leaves work voluntarily, he bears the burden to prove he did so with good cause attributable to work." Brady, 152 N.J. at 218 (citations omitted).

A claimant is statutorily disqualified for unemployment benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment. . . ." N.J.S.A. 43:21-5(a). "'Good cause' is not statutorily defined, but our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Trupo v. Bd. of Review, 268 N.J. Super. 54, 57 (App. Div. 1993) (quoting Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983)). To

constitute good cause, "[t]he decision to leave employment must be compelled by real, substantial and reasonable circumstances." Domenico, 192 N.J. Super. at 288.

Garrett was not given formal written notice of termination. Nor was he told by his employer that he was being removed from employment effective immediately. Instead, Garrett was offered a lateral transfer to a position as a housing inspector, which involved the same hours and rate of pay as his position as an electrical inspector, and was given time to discuss the offer with family members. He declined to accept the offer and left work voluntarily.

Although Garrett contented he was precluded from performing any housing inspections, the Township had previously adopted an ordinance creating the position of housing inspector for local inspections of rental registrations, which does not require certification or licensure by the State. Thus, Garrett was eligible to serve in the lateral position offered to him since he was qualified to perform local inspections of single family residences even though he did not possess a license to perform state inspections of multiple dwellings and hotels. There is no indication the Township expected him to inspect multiple dwellings and hotels prior to obtaining the required license from the State.

A-0091-17T4

On the contrary, inspections of multiple dwellings and hotels are performed by a state licensed inspector.

Our examination of the record, in light of our standard of review, satisfies us that the credible evidence amply supported a finding that Garrett did not leave work for good cause attributable to such work. The Board of Review's final decision disqualifying Garrett from unemployment benefits pursuant to N.J.S.A. 43:21-5(a) was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0091-17T4